IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| KATRINA HENDERSON, individually, and on behalf of all others similarly situated | * | |
| | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-21-2484 |
| | * | |
| S & K SECURITY CONSULTANTS, INC. *et al.*, | * | |
| | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Katrina Henderson, individually, and on behalf of all others similarly situated, brings this class action complaint against Defendants S & K Security Consultants, Inc., ("S&K"), Jerry Swanson, and Debra Swanson (the "Swansons"), (collectively "Defendants") for failure to pay overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29. U.S.C. § 201, *et seq.*, Maryland Wage and Hour Law ("MWHL"), Md. Labor and Empl. Code Ann. § 3-401, *et seq.*, Maryland Wage Payment and Collection Law ("MWPCL"), Md. Labor & Empl. Code Ann. § 3-501, *et seq.*, D.C. Minimum Wage Act Revision Act of 1992 ("DCMWA"), D.C. Code §§ 32-1001, *et seq.*, and the D.C. Wage Payment and Wage Collection Act ("DCWPA"), D.C. Code §§ 32-1301, *et seq*. Pending before the Court is Plaintiff's Motion for Extension of Time for Service of Process and Permitting Alternate Service as to the Swansons. ECF No. 9. No

1

hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Plaintiff's Motion for extension is denied.[1]

## I. BACKGROUND

On September 29, 2021, Plaintiff filed her Complaint alleging that Defendants failed to pay certain of their employees overtime pay for hours worked in excess of forty hours a week. ECF No. 1 at 1–2.[2] Plaintiff maintains that these employees included those employed in the positions of Officer, Sergeant, Lieutenant, Commander, and/or Captain, ("security guards"). *Id.* ¶ 1. The security guards performed uncompensated work off the clock, including arriving to shifts early and traveling during the workday. *Id.* ¶ 3. Plaintiff was employed by the Defendants from about October 2017 to June 2021. *Id.* ¶ 12. Defendant Swansons are the co-owners of S&K and paid Plaintiff on an hourly basis. *Id.* at 3–4.

The deadline for Plaintiff to serve the Complaint and Summons on Defendants was December 28, 2021. Fed. R. Civ. P. 4(m); ECF No. 9. On November 4, 2021, Plaintiff served Defendant S&K. ECF No. 6. Plaintiff did not serve Defendant Swansons by the deadline.

On May 20, 2022, Plaintiff filed the instant Motion for Extension of Time for Service of Process and Permitting Alternate Service on the Swansons. ECF No. 9.[3]

## II. STANDARD OF REVIEW

Rule 4 of the Federal Rules of Civil Procedure provides explicit requirements for timely and effective service of process. Within 90 days of filing a complaint, the plaintiff is responsible for serving both the summons and a copy of the complaint to the defendant. Fed. R. Civ. P. 4(c);

---

[1] Plaintiff has also filed a Motion for Entry of Default against Defendant S&K Security Consultants. Given that this Defendant has been served and has not entered an appearance, the Motion will be granted and the Clerk will be directed to enter default against Defendant S&K.
[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[3] None of the Defendants in this matter have responded or otherwise defended.

4(m). If the plaintiff has not served the defendant within 90 days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice" unless the Plaintiff shows good cause for its failure to do so. *Id.* at 4(m). Good cause requires a showing that the plaintiff made reasonable and diligent efforts to timely serve the defendant. *See Chen v. Mayor & City Council of Balt.*, 292 F.R.D. 288, 293 (D. Md. 2013) *aff'd* 546 Fed. App'x 187 (4th Cir. 2013). A showing of good cause is often predicated on some outside factor interfering with or preventing an otherwise diligent plaintiff from timely providing service, such as a putative defendant's evasion of process, the plaintiff experiencing difficulty in obtaining the defendant's proper address, the plaintiff being misdirected by court personnel as to proper procedure, or that a defect in the attempted service was not revealed by the defendant until after the time to serve had expired. *Id.* (citations omitted).

If, in addition to failing timely to serve a defendant, "a plaintiff requests an extension of time for service after the expiration of the 90 day limitation period, the plaintiff must also show a failure to act because of excusable neglect." *Certeza v. Wexford Health Sources, Inc.*, No. CV TDC-18-1791, 2021 WL 4482963, at *3 (D. Md. Sept. 30. 2021) (quoting *Martinez v. United States*, 578 F. App'x 192, 193–94 (4th Cir. 2014)) (per curiam). "In assessing excusable neglect, courts consider the danger of prejudice to the other party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Id.* (citing *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996)). "The most important factor in assessing excusable neglect is the reason for the failure." *Id.* (quoting *Thompson*, 76 F.3d at 534).

3

### III.     DISCUSSION

Plaintiff states that service was attempted on Defendant Swansons at what they believe to be their personal residence on October 5, 6, 9, 14, and 16, 2021. ECF No. 9 ¶¶ 4–5. On at least two of those occasions, a black man or a black woman "in their sixties" answered the door and stated that the Swansons were not present. *Id.* ¶¶ 6–9. Plaintiff believes that these two people who answered the door on these occasions were Defendant Swansons as they are both "African American individuals approximately late-sixty to early-seventy years of age." *Id.* ¶¶ 6–10. On the other occasions that service was attempted, either no one answered the door, or the service provider was told "the people who [they] are looking for … didn't live [there]." *Id.* ¶¶ 6–12. Service on Defendant Swansons was then attempted at their principal place of business on December 15, 17, and 22, 2021, *Id.* ¶¶ 13–14, to no avail. Based on the foregoing, Plaintiff has shown good cause for an extension of time, as it is clear that she made reasonable and diligent efforts to serve the Defendant Swansons. However, Plaintiff has failed to establish excusable neglect for requesting an extension after the 90 day time period had already passed.

As noted above, the deadline for service of process on Defendants was December 28, 2021. Plaintiff did not seek an extension of time prior to the expiration of the deadline, despite knowledge that, the last attempt to serve the Swansons—on December 22, 2021, was unsuccessful. *See* Fed. R. Civ. P. 6(b)(1)(B) (a court may extend time after it has expired if the party failed to act because of excusable neglect); *Daundra Grier, v. United States Dep't of Hous. & Urban Dev.*, No. PWG 21-CV-2165, 2022 WL 17467671, at *2 (D. Md. Dec. 6, 2021) (denying the motion for extension of time in part because Plaintiff never sought an extension of time prior to the service deadline). *Cf. Escalante v. Tobar Constr., Inc.,* Civ. No. 8:18-CV-00980-PX, 2019 WL 109369, at *5 (D. Md. Jan. 3, 2019) (excusing a thirty-four-day delay using

4

standard of "excusable neglect" where plaintiff's counsel misunderstood instructions from the Clerk's Office); *Certeza*, 2021 WL 4482963, at *4 (finding excusable neglect for the late filing of Plaintiff's Motion to Extend the Time to Serve because it was primarily the result of the Court's failure to order service). Plaintiff provides no justification for the five-month delay and has therefore failed to establish excusable neglect.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is denied. A separate Order follows.

Date: <u>January 30, 2023</u>          ____/s/_____
                                      GEORGE J. HAZEL
                                      United States District Judge