IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| KATRINA HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-cv-02484-LKG |
| | ) | |
| v. | ) | Dated:  August 25, 2025 |
| | ) | |
| S & K SECURITY CONSULTANTS, INC., *et al*., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

## I.      INTRODUCTION

This civil action involved claims that the Defendant, S & K Security Consultants, Inc. ("S & K"), failed to pay the Plaintiff, Katrina Henderson, certain overtime pay, in violation of the Fair Labor Standards Act, (the "FLSA"), 29. U.S.C. § 201, *et seq.;* the Maryland Wage Hour Law (the "MWHL"), Md. Labor and Empl. Code Ann. § 3- 401, *et seq*.; the Maryland Wage Payment and Collection Law (the "MWPCL"), Md. Labor & Empl. Code Ann. § 3-501, *et seq*.; the District of Columbia Minimum Wage Act Revision Act of 1992 (the "DCMWA"), D.C. Code §§ 32-1001, *et seq*.; and the District of Columbia Wage Payment and Wage Collection Act (the "DCWPA"), D.C. Code §§ 32-1301, *et seq.*  ECF No. 1.  Pending before the Court is the Plaintiff's motion for attorneys' fees and costs, brought pursuant to the FLSA and District of Columbia law.  ECF No. 30.  No hearing is necessary to resolve the motion.  *See* L. R. 105.6 (D. Md. 2025).  For the reasons that follow, the Court: (1) **GRANTS** the Plaintiff's motion for attorneys' fees and costs (ECF No. 30) and (2) **AWARDS** the Plaintiff **$25,477.50** in attorneys' fees and **$1,018.39** in costs.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

This civil action involved claims that S & K failed to pay the Plaintiff certain overtime pay, in violation of the FLSA and District of Columbia law.  ECF No. 1.  On January 13, 2025, the Court entered a default judgment against S & K on the Plaintiff's claims.  ECF No. 28. Specifically, the Court determined that the Plaintiff had prevailed on her claims brought pursuant

to the FLSA and District of Columbia law, because she had shown that S & K failed to compensate her for certain overtime hours worked in excess of 40 hours per week. *See id.* at 10-15. And so, the Court awarded the Plaintiff unpaid wages, liquidated damages and reasonable attorneys' fees and costs. *Id.*

On January 29, 2025, the Plaintiff filed a motion for attorneys' fees and costs, seeking to recover $25,477.50 in attorneys' fees and $1,018.39 in costs, pursuant to the FLSA and District of Columbia Law. ECF No. 30. In support of this motion, the Plaintiff represents that her Counsel performed substantial work to litigate this case, including, but not limited to: (1) initial case intake and investigation to develop the case; (2) the drafting and filing of the complaint; and (3) the drafting and filing a motion for default judgment. ECF No. 30 at 2-3. The Plaintiff also represents that her Counsel reviewed billing records and drafted the pending motion for attorneys' fees and costs. *Id.* at 3.

In this regard, the Plaintiff's Counsel represents to the Court that the attorneys and legal assistants working on this case expended 111.2 hours on the case, which have been billed at the hourly rates shown below:

| Person | Rate | Hours | Amt. Billed |
|---|---|---|---|
| Angiee Rosario | $100.00 | 0.3 | $30.00 |
| Bridget Pepe | $100.00 | 0.7 | $70.00 |
| Caitlin Keating | $100.00 | 2.7 | $270.00 |
| Edmund Celiesius | $225.00 | 84.7 | $19,057.50 |
| Geidsha Diaz | $100.00 | 0.6 | $60.00 |
| Jason Brown | $475.00 | 3.6 | $1,710.00 |
| Nicholas Conlon | $300.00 | 12.1 | $3,630.00 |
| Osmara Suazo | $100.00 | 6.2 | $620.00 |
| Vanessa Reyes | $100.00 | 0.1 | $10.00 |
| Wascar Guerrero | $100.00 | 0.2 | $20.00 |
| **Grand Total** | | **111.2** | **$25,477.50** |

*Id.* at 3; *see also* ECF No. 30-1 at ¶ 2. The Plaintiff's Counsel has also submitted billing records to the Court that show the specific time spent by the attorneys and legal assistants on each specific task. *See* ECF No. 30-2. And so, the Plaintiff seeks to recover $25,477.50 in attorneys' fees from S & K. ECF No. 30 at 1; ECF No. 30-1 at ¶ 2.

The Plaintiff seeks to recover $1,018.39 in costs from S & K for the following items: (1) $402.00 for the filing of the complaint; (2) $200.00 for the *pro hac vice* admission of Edmund Celiesius (ECF No. 6) and Nicholas Conlon (ECF No. 26); (3) $370.44 in process server fees; and (4) $45.95 in postage costs.  ECF No. 30 at 5; ECF No. 30-1 at ¶ 4.

III.    **LEGAL STANDARDS**

A.  **Attorneys' Fees And Costs**

The FLSA provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."  29 U.S.C. § 216(b).  The United States Court of Appeals for the Fourth Circuit has explained that "[t]here are two main methods for calculating the reasonableness of attorney's fees—the lodestar method and the percentage-of-recovery method."  *McAdams v. Robinson*, 26 F.4th 149, 162 (4th Cir. 2022).  Given this, the Court may choose the method that it deems appropriate based on its judgment and the facts of the case.  *Id*.

Under the lodestar method for calculating and awarding attorneys' fees, the Court multiplies the number of reasonable hours expended by a reasonable hourly rate.  *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009).  The burden is on the fee applicant to produce evidence establishing the reasonableness of their hourly rate and the reasonableness of their requested hours.  *McAfee v. Boczar*, 738 F.3d 81, 91 (4th Cir. 2013); *Robinson*, 560 F.3d at 244 (citation omitted); *Marsh v. Bottoms Up Gentlemen's Club, LLC*, No. CV EA-23-1157, 2025 WL 2049980, at *8 (D. Md. July 22, 2025) (citation omitted).  To determine what is reasonable in terms of the hours expended by counsel and the hourly rate charged, the Court considers the following 12 factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), and adopted by the Fourth Circuit in *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the

> nature and length of the professional relationship between attorney
> and client; and (12) attorneys' fees awards in similar cases.

*Robinson*, 560 F.3d at 243-244 (quoting *Barber v. Kimbrell's In*c., 577 F.2d 216, 226 n. 28 (4th Cir. 1978)).  The Court is not required to analyze each of these factors individually, or to examine every factor.  *Martin v. Mecklenburg Cnty*., 151 Fed. Appx. 275, 283 (4th Cir. 2005). Once the lodestar figure is calculated, the Court "subtract[s] fees for hours spent on unsuccessful claims unrelated to successful ones" and awards "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff."  *Robinson*, 560 F.3d at 243-44 (internal quotation marks omitted).

A prevailing party may also seek to recover costs and such costs may include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services."  *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988).  And so, this Court has held that the cost of service of process, filing fees and attorney admission costs are reimbursable.  *Butler v. PP&G, Inc*., No. CV 20-3084-JRR, 2023 WL 6517593, at *4 (D. Md. Oct. 5, 2023).

## IV.     ANALYSIS

### A.  The Requested Attorneys' Fees Are Reasonable

As an initial matter, the Plaintiff has shown that the attorneys' fees requested in this FLSA matter are reasonable.  In this case, the Plaintiff seeks to recover $25,477.50 in attorneys' fees, based upon her Counsel performing 111.2 hours of work on this litigation.  ECF No. 30 at 1 and 3; ECF No. 30-1 at ¶ 2.  The Plaintiff's Counsel represents to the Court that the following attorneys worked on this matter: Jason Brown, Esq., a Partner with Brown, LLC; Nicholas Conlon, Esq., a Partner with Brown, LLC; and Edmund Celiesius, an Associate with Brown, LLC.  ECF No. 30-1 at ¶ 3. The Plaintiff's Counsel also represents to the Court that Mr. Brown has been practicing law for more than 25 years, Mr. Conlon has been practicing law for more than 10 years and Mr. Celiesius has been practicing law for seven years.  *Id*.

In addition, the Plaintiff's Counsel represents to the Court that the following legal assistants worked on this matter: Caitlin Keating; Osmara Suazo; Vanessa Reyes; Angiee Rosario; Bridget Pepe; Geidsha Diaz; and Wascar Guerrero.  *Id*.  Lastly, the Plaintiff's Counsel represents to the Court that these individuals billed at the following hourly rates: Jason Brown ($475.00); Nicholas Conlon ($300.00); Edmund Celiesius ($225.00); Caitlin Keating ($100.00),

Osmara Suazo ($100.00), Vanessa Reyes ($100.00), Angiee Rosario ($100.00), Bridget Pepe ($100.00), Geidsha Diaz ($100.00) and Wascar Guerrero ($100.00).  *Id.* at ¶ 2.

The Court is satisfied that the number of billable hours requested by the Plaintiff is reasonable, given the nature and complexity of this case.  The Plaintiff commenced this wage and hour litigation in 2021, and the complaint makes clear that her claims involved unpaid overtime compensation during the period of 2017 to 2021.  ECF No. 1 at ¶ 12.  The Plaintiff's Counsel also explains to the Court that the attorneys and legal assistants working on this case performed several tasks before filing the complaint, including conducting an initial case intake and investigating the Plaintiff's claims.  ECF No. 30 at 2-3.  Given this, the evidence before the Court shows that significant attorney time was needed to investigate the Plaintiff's claims before the filing of the complaint.  *Id.*; ECF No. 30-2 at 2-3.

While this wage and hour litigation did not proceed to discovery, the litigation history of this case also shows that the Plaintiff successfully sought a default judgment in this case on her claims.  *See* ECF No. 28; ECF No. 29.  The billing records provided by the Court also show that a significant portion of the requested attorney billable hours in this case were incurred in connection with the Plaintiff's successful motion for a default judgment.  ECF No. 30-2 at 8-11.  And so, Plaintiff has shown that the requested number of billable hours for this case is reasonable.  ECF No. 30-2 at 6-11; *see also Marsh*, 2025 WL 2049980, at *8 (citation omitted).

The Court is also satisfied that the hourly rates sought in this case are reasonable.  The Plaintiff has submitted a declaration from her attorney, Nicholas Conlon, Esq., which states that the requested hourly rates in this case are consistent with the prevailing hourly rates for attorneys and legal support staff of comparable skill, experience and reputation in Rockville, Maryland.  *See* ECF No. 31-1 at ¶ 5.  In this regard, Mr. Conlon represents to the Court that:

> The hourly rates charged in this case fall within or justifiably exceed these guidelines based on the attorneys' expertise and the complexity of the case. Jason Brown is the founder and head of Brown, LLC, and the firm's senior litigator.  He has been practicing law for over twenty-five (25) years, since 1996.  Nicholas Conlon is a Partner who has been an attorney for Brown, LLC since 2014 and currently serves as the chair of the firm's wage-and-hour department.  Edmund Celiesius was an Associate with Brown, LLC from 2021 to 2024, and was admitted to practice in 2018.  Caitlin Keating, Osmara Suazo, and Vanessa Reyes are legal assistants, and Angiee Rosario, Bridget Pepe, Geidsha Diaz, and Wascar Guerrero are former legal assistants.

ECF No. 31-1 at ¶ 3; ECF No. 30-1 at ¶ 3.

Given these representations and the evidentiary record before the Court, the Court is satisfied that the requested hourly rates in this case fall within the prevailing hourly rates for similarly qualified and experience attorneys and legal support staff in the Rockville, Maryland area. *Blum*, 465 U.S. at 895; ECF No. 31-1 at ¶ 5. And so, the Court GRANTS the Plaintiff's motion for attorney's fees and AWARDS the Plaintiff attorneys' fees in the amount of $25,477.50.

**B.  The Court Will Award The Requested Costs**

The Plaintiff has also shown that she is entitled to recover litigation costs in the amount of $1,018.39 from S & K. ECF No. 30 at 5; ECF No. 30-1 at ¶ 4. It is well-established that the Plaintiff may recover costs for "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell*, 852 F.2d at 771. Such costs may include the cost of service of process, filing fees and attorney admission costs. *Butler*, 2023 WL 6517593, at *4. Here, the Plaintiff seeks $1,018.39 in costs as reimbursement for: (1) $402 for the complaint filing fee; (2) $200 in fees for two *pro hac vice* admissions; (3) $370.44 in process server fees; and (4) $45.95 in postage costs. ECF No. 30 at 5; ECF No. 30-1 at ¶ 4. Because the Plaintiff has shown that she incurred these costs in connection with this litigation, and that these costs are reasonable, the Court also GRANTS the Plaintiff's motion to recover these costs and AWARDS the Plaintiff $1,018.39 in costs.

**V.    CONCLUSION**

For the foregoing reasons, the Court:

(1) **GRANTS** the Plaintiff's motion for attorneys' fees and costs (ECF No. 30); and

(2) **AWARDS** the Plaintiff's attorneys' fees in the amount of **$25,477.50** and costs in the amount of **$1,018.39**.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge